TROUTMAN AMIN, LLP
Puja Amin (State Bar # 299547)
Brittany A. Andres (State Bar # 340856)
Maxwell Levins (State Bar # 357137)
400 Spectrum Center Drive, Suite 1550
Irvine, California 92618
Telephone: +1 949 350 3663
Facsimile: +1 949 203 8689
amin@troutmanamin.com
brittany@troutmanamin.com
maxwell@troutmanamin.com

Attorneys for Plaintiffs
ERIC J. TROUTMAN and TROUTMAN
AMIN, LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC J. TROUTMAN and TROUMAN AMIN, LLP<br><br>Plaintiffs,<br><br>v.<br><br>SYMPLE LENDING LLC,<br><br>Defendant. | Case No. 8:25-cv-1181<br><br>**COMPLAINT AGAINST SYMPLE LENDING LLC**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Eric J. Troutman ("Troutman") and Troutman Amin, LLP ("Troutman Amin") (collectively, the "Plaintiffs"), by and through the undersigned counsel, hereby bring this Complaint against Symple Lending LLC and allege as follows:

## THE PARTIES

1.    Troutman is an individual who resides in California. Troutman is one of the founding partners of Troutman Amin, LLP.

2.    Troutman Amin, LLP is a nationally recognized complex litigation and privacy consulting law firm based in Irvine, California.

3.    Defendant Symple Lending LLC ("Defendant") is a Wyoming corporation, with its headquarters at located at 3351 Michelson Drive, Suite 400, Irvine, California 92612. Upon information and belief, Defendant has had and continues to have systematic contacts with the state of California and this judicial district, as it is displaying an infringing logo in its offices and on its various social media platforms.

## JURISDICTION AND VENUE

4.    This action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125. The Court has original federal question jurisdiction over the Lanham Act claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338. The state law claims in this action arise from the same common nucleus of operative facts and transactions, such that they form part of the same case or controversy and a plaintiff would ordinarily be expected to try them all in a single judicial proceeding. Accordingly, this Court may exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.    A substantial part of the events and/or omissions giving rise to the claims against Defendant occurred in this judicial district, including the unauthorized creation and display by Defendant of a blue and yellow lion with a crown on a crest with alternating blue and yellow coloring (the "Infringing Mark"), as described in

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

full below. Therefore, venue is proper and assignment of this case to the Central District of California is appropriate pursuant to 28 U.S.C. § 1391(b) and (c).

## <u>GENERAL ALLEGATIONS</u>

6.    Troutman owns the following incontestable Federal United States Registration Number 7233778 (the "Mark"), in International Class 45, filed on August 8, 2022 and registered on December 5, 2023:

> [The Mark is a] stylized shield with a thin blue border enclosing a thin gold border, and the interior of the shield divided into four quadrants alternating in blue and gold. Inside the shield appears a smaller shield enclosing a design of a blue and gold lion with a thin blue border enclosing a thin gold border around the smaller shield. The lion is wearing a crown that is gold on the left and blue on the right. Two horizontal gold bands appear in each of the blue quadrants of the larger shield.



*The Mark, U.S. Registration No. 7233778.*

7.    The Mark has been used in connection with legal services offered by Troutman and related entities since April 28, 2022.

8.    Troutman Amin is a licensee and beneficiary of the Mark and is entitled to enforce trademark rights of the Mark pursuant to statute and common law.

9.    Pursuant to 15 U.S.C. § 1055, Troutman Amin is a related entity to Troutman.

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

**Troutman Founds "Troutman Firm" as a Trade Name And Begins Using the
Mark Continuously In Commerce and as a Personal Brand**

10.     In April 2022, Troutman founded a new law firm as a solo practitioner
operating under the trade name "Troutman Firm."

11.     Troutman Firm was a related entity to Troutman pursuant to 15 U.S.C.
§ 1055.

12.     Immediately upon the creation of Troutman Firm, Troutman began
using the Mark in all correspondence associated with Troutman Firm.

13.     Since that time, the Mark has appeared on thousands of pieces of
correspondence as the primary visual element on the signature block and letter head
of every email and letter sent by every member of Troutman Firm (and later
Troutman Amin, LLP).

14.     The Mark also appeared in advertisement and promotional materials for
Troutman Firm.

15.     The Mark has been in use as the primary visual element and logo for
Troutman's legal blogs relating to the Telephone Consumer Protection Act
("TCPA") and California Invasion of Privacy Act ("CIPA")—TCPAWorld.com and
CIPAWorld.com—which have received over a million views since the sites began
featuring the Mark.

16.     On April 27, 2022, TCPAWorld.com began using the Mark as its
primary visual element and logo.

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

4

17.    Additionally, the Mark was used on Troutman Firm's (and later Troutman Amin, LLP's) YouTube channel where Troutman Firm posted updates regarding legal developments and analysis thereof.



*The Mark on display on Troutman Firm's YouTube channel.*

18.    Troutman also immediately began investing in the Mark and moving to associate his personal reputation and high standards for integrity as imbued within the Mark. For instance, Troutman began wearing attire branded with the Mark essentially every single day. In particular, he began wearing hats and t-shirts (and later, jackets and even pajama bottoms) emblazoned with the Mark more or less wherever he went, including while coaching little league games, engaging in high-profile public-facing activities such as speaking on stages, and meeting with local dignitaries.

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com



*Troutman wearing a hat and jacket bearing the Mark while coaching a little league baseball game in Orange County.*



*Troutman wearing a hat, jacket, and pajama bottoms bearing the Mark during visit to John Wayne Airport.*

19.    Troutman's practice of continuously wearing the Mark as emblematic of his own personal brand continues to this day.

### Troutman Founds "Troutman Amin, LLP" and Continues Using the Mark in Commerce and as a Personal Brand

20.    On May 1, 2023 Troutman Amin, LLP was officially founded with Puja J. Amin joining Troutman as a partner in the new limited liability partnership.

21.    The Mark was continuously used in commerce from the creation of Troutman Firm through the creation of Troutman Amin, LLP.

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

22.    Troutman Amin LLP's email signature and letterhead were updated to reflect the new entity but continued to maintain all previous visual elements—particularly the Mark.

23.    Since May 1, 2023, the Mark has been used many thousands of times by Troutman Amin, LLP—appearing in every email and letter sent by the firm, in addition to every one of the hundreds of social media posts issued as part of the firm's robust marketing efforts.

24.    Indeed, Troutman Amin, LLP's LinkedIn profile, Instagram profile and YouTube pages have made prominent use of the Mark continuously since the time of their respective inceptions.



*Troutman Amin, LLP's LinkedIn Profile*



*Troutman Amin, LLP's YouTube channel profile*

25.    Since May 1, 2023, Troutman Amin, LLP's social media profiles and blog content—all bearing the Mark—have garnered *millions* of impressions.

**As Troutman Amin, LLP's Reputation Grows, Troutman and Troutman Amin, LLP Make Extraordinary Investments in the Mark**

26.    Troutman Amin, LLP enjoys an exceptional reputation in the legal industry and is nationally recognized as one of the country's leading complex litigation defense boutiques, particularly in the area of telecom law and privacy. As such the firm's attorneys enjoy a lucrative practice with clients willing to pay above-average rates for their legal services—which are widely viewed as exceptionally valuable and rare.

27.    The close affinity between Troutman, Troutman Amin, LLP and the Mark assures that the Mark itself has become a symbol of integrity, safety, and reliability. This is no accident.

28.    Troutman Amin, LLP's employees—its partners, attorneys, and staff—have all poured their hearts and souls into advancing the Mark through extraordinary hard work (more on that below) and the demonstrated integrity every member of the firm displays in every professional effort. As a result of these efforts—and the extraordinary marketing efforts of Troutman Amin, LLP and its founders—the Mark has become a symbol of something incredibly trustworthy, pure and powerful.

29.    It has become synonymous not only with winning—but with the *right kind* of winning. Winning through hard work and dedication.

30.    By way of example, Troutman Amin, LLP has written *thousands* of articles, blog posts, and social media posts, and has published YouTube videos on pages that prominently bear the Mark. Its partners and attorneys have engaged in *dozens* of high value webinars and podcasts bearing the Mark. Its attorneys have crisscrossed the country speaking on stages from New York, to Florida, to Chicago, to Austin, to Dallas, to Washington D.C., to Las Vegas, NV and numerous points in between—always prominently bearing the Mark and, in many instances setting up booths bearing the logo and handing out free shirts hats and other materials bearing the Mark to promote legal services offered by Troutman Amin, LLP.



*Recent examples of Troutman Amin, LLP's conference booths bearing the Mark.*

31.    The firm has also invested in numerous press releases discussing its various exploits and victories, all of which include the Mark as the firm's primary logo. (Visit https://www.troutmanamin.com/news).

32.    Troutman also promotes the brand of Troutman Amin, LLP through his registered trademark for "Deserve to Win," U.S. Registration Number 7377244.

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

33.    Unsurprisingly the firm's website, the firm's magazine (Deserve to Win), and the firm's podcast (Deserve to Win)—as well as the associated website youdeservetowin.com—all prominently bear the Mark.



*Troutman Amin, LLP's Podcast and Magazine website bearing the Mark*

34.    Also beginning in May, 2023 Troutman and Troutman Amin, LLP began making extraordinary marketing outlays to advance the reach of the Mark as the logo for the firm. A non-exclusive list of these efforts include:

a.    Spending hundreds of thousands of dollars on a campaign at John Wayne International Airport to display the Mark via video displays on a rotating basis at every gate and the baggage claim, as well as on multiple prominent locations throughout the airport;



*The Mark on display at John Wayne International Airport, Gate 5.*

10

b. Spending over a hundred thousand dollars a year annually to have the Mark displayed on the Anaheim Duck's hockey rink at the Honda Center, in the Duck's penalty box, and on associated digital and in-game commercial advertising during Ducks games;



*The Mark in the penalty box of an Anaheim Ducks game as seen on television broadcast.*



*The Mark on display during the television broadcast of an Anaheim Ducks game.*

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

c. Signing a *seven-figure* multi-year annual commit to have the Mark prominently displayed on both 25 yard lines at the University of California Berkeley's football stadium and on the University's basketball court floor during competitive D-1 games;



*The Mark on the field at Cal Memorial Stadium in Berkeley, California*



*The Mark on the Basketball Court at Haas Pavillion for the California Golden Bears.*

d. Signing a six-figure deal to become the presenting sponsor of the Troutman Amin, LLP Newport Beach International Boat Show;



*The Boat Show website—NBIBs.com*

e. Spending thousands of dollars on elevator-based "Capitvate" advertising in prominent office and residential buildings throughout Orange County;

f. Serving as a "Star" sponsor for the War Heros on Water event—assuring the Mark and Troutman Amin, LLP logo are closely associated with this critical effort to help wounded veterans heal; and



*The Mark on War Heroes on Water Instagram page, thanking Troutman Amin, LLP.*

13

g.  Serving as a "Stage Sponsor" at the Irvine Global Village Festival



*The Mark on display at the Irvine Global Village Festival.*



*The City of Irvine's Instagram Account Sharing Troutman Amin, LLP's Instagram Story of the Irvine Global Village Festival Stage Displaying the Mark.*

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

*35.* Although these are among Troutman and Troutman Amin, LLP's priciest efforts to expand the reach and value of the Mark and their associated personal and professional brands the aggregate impact of the thousands of pieces of free branded shirts, hats, stickers, pens, pins, magazines, legal reviews and other resources the firm distributes for free both in the Orange County area and across the country are, perhaps, of even greater impact to the enhancement of the Mark's value and consumer awareness.

36. Additional efforts to promote the Mark and generate goodwill can be seen through Troutman Amin, LLP's efforts to make friendly and accessible during the holidays—such as by paying additional sums to temporarily replace all visual elements at the John Wayne Airport to include a version of the Mark with the lion wearing a Sana Claus style hat. It is this level of commitment that sums up Troutman and Troutman Amin, LLP's dedication to assuring the lion logo Mark has impact when encountered by businesses and consumers in the Orange County area.



*Troutman—notably wearing both a hat and jacket bearing the Mark—posing with a holiday version of the Mark displayed at John Wayne Airport for the holidays.*

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

37.    Troutman Amin, LLP and Troutman have also invested in numerous additional efforts to promote the Mark—such as sponsoring a National Hot Rod Association ("NHRA") drag racer bearing the Mark—and will introduce much more evidence at time of trial supporting its exceptional marketing efforts.



*The Mark on an NHRA Drag Racer*

38.    Troutman Amin, LLP routinely features the slogan "look for the lion," often including a hashtag, on its various social media channels including LinkedIn, Instagram, and YouTube. The "look for the lion" slogan is more of a mantra that builds on the strong and reliable brand that Plaintiffs have built at Troutman Amin, LLP. Consumers are able to literally look for the lion marketed by Plaintiffs and find correct and reliable information about developments in the law and find reliable, trustworthy counsel for legal advice.

**Defendant Begins Using a Remarkably Similar Mark, Without Permission, in
Connection with Selling High Risk Lending Products—Despite Full
Knowledge of Troutman Amin, LLP's Heavy Investment in the Mark**

39.     Defendant previously used a lion logo, without a crest and in a blue color
scheme, as shown below:



40.     At some point in 2025, Defendant changed the color scheme of their
logo to yellow and gold, the same color as the Mark, as shown below:



41.     At some point beginning in 2025—long after Troutman and Troutman
Amin, LLP's efforts to promote the Mark were ongoing and well-known in Irvine,
California—Defendant took the yellow lion with a blue background, put it on a blue
crest, and put that on a larger crest with an alternating blue and yellow pattern,
thereby creating the Infringing Mark. Defendant then began using the Infringing
Mark to promote its own products.



SympleLending,     Instagram     (May     26,     2025,     12:50     p.m.),
https://www.instagram.com/p/DJ9I1jUgr0H (video promoting Symple's open house
event that was open to consumers).

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

42.    Notably, the Defendant appears to have modified its own logo—which was previously a lion and crown but without a crest—to closely mimic the Mark sometime in the last 60 days.

43.    Just as the Mark features a regal lion head, centered and stylized with a symmetrical mane, a crown on the lion's head, and with a gold and blue color scheme with a vertical split; the Infringing Mark features a nearly identical lion illustration with a regal lion head, centered and stylized with a symmetrical mane, a crown on the lion's head, and with a gold and blue color scheme with a quadrant design. Just like the Mark, the Infringing Mark features a lion with a crown on an inner blue crest, which is then placed on a larger crest with an alternating blue and yellow pattern. The similarity between the Mark and the Infringing Mark is obvious.

 

*A side-by-side comparison of the Mark (left) and the Infringing Mark (right).*

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

44.    Defendant sells what appear to be high-risk loan products to consumers. Its website suggests its loan rates may have interest as high as 35%. *See* Symple Lending, *Terms of Use*, https://symplelending.com/terms-of-use (May 30, 2025). And its social media page promotes employees making over a hundred thousand dollars in commissions in a single month, with a large check bearing the Infringing Mark.



Anastasia    Lee,    LinkedIn    (May    26,    2025,    12:47    p.m.), https://www.linkedin.com/posts/anastasiaklee_first-ever-in-the-industry-congratulations-activity-7331459742025801728-N_yB.

45.    It is unclear how Defendant's employees are able to reap such huge commissions selling loan products to consumers, unless the loans are risky in nature, reflecting their high cost and interest rates. This suggests the Defendant's practices may be predatory in nature—and also suggests the use of the Mark is a deliberate effort to comfort consumers and falsely trick consumers into believing the products sold by Defendant are safe and backed by Troutman Amin, LLP.

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

46. Also, on information and belief, the Defendant suffers from a poor business reputation in the Orange County area with other local businesses pursuing, or contemplating pursuing, litigation against the Defendant. The use of the Mark has a chilling effect on such contemplated litigation as Troutman Amin, LLP is known as a powerful litigation firm and not one local businesses are inclined to cross. By using the Mark Defendant is suggesting to businesses that Troutman Amin, LLP represents Defendant or is likely to do so—although that is not the case.

47. There can be no doubt these efforts to confuse businesses and consumers are deliberate. One of Defendant's founders—Tsuba "Ted" Tsuji—has been in direct contact with Troutman Amin, LLP and Troutman himself. He has seen the firm's email signature and has been directly exposed to the Mark by Troutman personally.

**Defendant's Use of a Mark Registered to and Associated by the Public With a Law Firm is *Per Se* Illegal and Misleading as the Corporation Cannot Practice Law**

48. As the Mark has acquired distinctiveness in connection with stellar legal services offered by Troutman and Troutman Amin, LLP, Plaintiffs must ensure that consumers are not confused or deceived into believing that the source of the Mark is anyone other than Troutman Amin, LLP or Troutman himself, especially not a corporation like Symple Lending LLC.

49. Defendant Symple Lending LLC is a corporation that appears to offer high interest personal loans directly to consumers based on the terms of use on its' website. Symple Lending, *Terms of Use*, https://symplelending.com/terms-of-use (May 30, 2025).

50. Where confusion occurs, the risk to consumers is great as consumers would be deceived into believing that Defendant's high-risk enterprise has a connection with Mark, which Troutman has tirelessly endeavored to make a symbol of security and trust in the community by virtue of its association with Troutman and Troutman Amin, LLP.

51.    Defendant's use of the Mark is used to *reward* its employees for obtaining potentially predatory loans from consumers, and to solicit additional employees to obtain these loans.

52.    As set forth above, Troutman and Troutman Amin, LLP have put *extraordinary* effort into building a brand built upon trust, integrity, expertise and hard work. The Mark has become a symbol of these qualities—and other positive traits—associated with Troutman Amin, LLP by the public, the bar, and the business community.

53.    The Defendant's use of a logo deceptively similar to the Mark to peddle its high-risk and potentially predatory loans is a direct assault on the principles the Mark embodies and threatens immediate and dire diminution to the value of the brand to the detriment of Troutman and Troutman Amin, LLP.

54.    The Defendant's use of a logo deceptively similar to the Mark also gives it an unfair advantage in the marketplace, positioning Defendant's products and services as safe and trustworthy, and suggesting to consumers and businesses alike that Troutman Amin, LLP backs and/or represents the company. It does not.

55.    Symple Lending LLC, as a private limited liability corporation, cannot legally practice law and puts the public at risk by representing that they are associated with the provision of legal services.

56.    Symple Lending LLC's implication that the Infringing Mark is in connection both with Troutman or Troutman Amin, LLP's legal services and any corporation creates a serious danger to the public of believing that the corporation has the legitimacy and state licensing requirements afforded to members of the State Bar.

57.    The Court should not permit this harm—which is both irreparable and inevitable—and should step in immediately to ban any further use of the Mark or any deceptively similar logo.

### One of Defendant's Principals is a Bad Actor with a Criminal History and FTC Problems—a Risk to the Value of the Mark

58.    One of Defendant's principals—Houston Fraley—has a history that causes a significant risk of harm from infringement and dilution.

59.    On February 13, 2002, Mr. Fraley was indicted for selling, distributing, or dispensing a controlled substance. *See U.S. v. Johnson*, 5:02-cr-00035-JBC-2 (E.D. Ky. Filed February 13, 2002). On August 8, 2002, Mr. Fraley was convicted of that offense and sentenced to eighteen months. *See id.* at ECF No. 49.

60.    Additionally, Mr. Fraley has an FTC consent order banning him from "initiating, causing others to initiate, or assisting others in initiating any telephone call" that plays or delivers a prerecorded message or to any telephone number listed on the National Do Not Call Registry. Mr. Fraley is also expressly prohibited against specific types of abusive telemarketing practices. Stipulation to Entry of Final Order for Permanent Injunction and Civil Penalty Judgment as to Defendant Houston Fraley, ECF No. 5, *F.T.C. v. Aaron Michael Jones et al.*, 8:17-cv-00058 (C.D. Cal. dismissed per stipulation January 11, 2017).

61.    The FTC consent order is based on purported violations pursuant to the Federal Trade Commission Act, Sections 5, 13 and 16; 15 U.S.C. §§ 45, 53, and 56; and The Telemarketing and Consumer Fraud and Abuse Prevention Act, Section 6. *See id.*

62.    Despite the FTC order banning Mr. Fraley from engaging in any form of telemarketing, he has somehow helped found Symple Lending—a business that apparently relies on outbound telephone calls and even has a consent to receive telemarketing calls disclosure on its website. *See* Symple Lending, https://apply.symplelending.com/?_gl=1*18hiegs*_gcl_au*NDM4ODg4Njc1LjE3 NDgyODYyMTc.*FPAU*NDM4ODg4Njc1LjE3NDgyODYyMTc.#/loan-amount (last visited May 30, 2025).

63.     This is certainly not the sort of person Troutman or Troutman Amin, LLP want associated with or using its Mark. This is not a matter of mud-slinging or finger pointing. It is simply good business. As the owner of the Mark, Troutman must ensure that the public is not confused or deceived by Defendant's intentional invocation of the Mark through its Infringing Mark.

64.     In short, Troutman and Troutman Amin, LLP seek the Court's protection to prevent consumer confusion and diminution of the value of the Mark they have worked so hard to promote.

## FIRST CAUSE OF ACTION
### Trademark Infringement—15 U.S.C. § 1114

65.     Plaintiffs incorporate by references paragraphs 1 through 61 of this Complaint.

66.     Plaintiffs have not authorized, licensed, or given permission to Defendant to use the Mark in any manner whatsoever, including, without limitation, with the Infringing Mark as it is being used to market, advertise, and otherwise provide legitimacy to Defendant.

67.     Defendant is using the Mark in commerce, including to advertise and promote its goods and/or services on Defendant's social media channels and during in-person events hosted at Defendant's offices.

68.     Defendant's use of the Infringing Mark in connection with its services is likely to cause confusion and deceive consumers into believing that Plaintiffs have affiliation with, provide approval of, sponsor, or otherwise have a connection to Defendant.

69.     Defendant's actions constitute trademark infringement pursuant to 15 U.S.C. § 1114.

70.     Plaintiffs lack an adequate remedy at law. Unless an injunction is issued enjoining continuing or future infringing conduct by Defendant, such use is likely to continue to cause confusion, mistake, or to deceive as to the source of Defendant's

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

goods or services as to source, origin, affiliation, approval, or sponsorship by Plaintiffs, thereby irreparably damaging Plaintiffs.

71.    As a direct and proximate result of Defendant's infringing conduct, Plaintiffs have been damaged and will continue to be damaged. Pursuant to 15 U.S.C. § 1116(a), Plaintiffs are entitled to an order enjoining Defendant from further infringement of the Mark.

72.    Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an order requiring Defendant to account to Plaintiffs for any and all profits derived by Defendant from their infringing conduct, and to an order awarding all damages sustained by Plaintiffs by reason of the infringement caused by Defendant.

73.    Plaintiffs are informed and believe, and on that basis allege, that Defendant's conduct alleged herein was intentional and in conscious disregard of Plaintiffs' rights. Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an award of treble damages and/or enhanced profits against Defendant.

74.    Defendant was aware of Plaintiffs' Mark and their efforts to market and advertise the Mark in connection with legal services when Defendant made the deliberate decision to create the Infringing Mark to capitalize on the goodwill and trust built by Plaintiffs' marketing and advertising expenditures and efforts.

75.    Defendant's intentional and wrongful acts make this an exceptional case under 15 U.S.C. § 1117(a), and Plaintiffs are entitled to an award of attorneys' fees and costs.

## **SECOND CAUSE OF ACTION**
### False Designation of Origin—15 U.S.C. § 1125(a)

76.    Plaintiffs incorporate by references paragraphs 1 through 72 of this Complaint.

77.    Defendant, through the acts and omissions described above, have used in commerce a symbol and logo that is confusingly similar to the Mark, in a manner that is likely to cause confusion or mistake or to deceive consumers as to the

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

affiliation, connection, or association of Defendant with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant's goods or services, in violation of 15 U.S.C. § 1125(a).

78.    Defendant's actions are willful, malicious, fraudulent, deliberate, and intended to confuse the public.

79.    As a direct and proximate result of Defendant's creation of a false impression of association between Plaintiffs and Defendant, and Defendant's use of a false designation of origin and false or misleading representation of fact in connection with Defendant's products, Plaintiffs have been damaged and will continue to be damaged. Pursuant to 15 U.S.C. § 1116(a), Plaintiffs are entitled to an order enjoining Defendant from further infringement of the Mark.

80.    Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an order requiring Defendant to account to Plaintiffs for any and all profits derived by Defendant from its actions, and to an order awarding all damages sustained by Plaintiffs and caused by Defendant's conduct.

81.    Plaintiffs are informed and believe that Defendant's conduct alleged herein was intentional and in conscious disregard of Plaintiffs' rights. Pursuant to 15 U.S.C. § 1117(a), Plaintiffs are entitled to an award of treble damages and/or enhanced profits against Defendant.

82.    Defendant was aware of Plaintiffs' Mark and their efforts to market and advertise the Mark in connection with legal services when Defendant made the deliberate decision to copy Plaintiffs' Mark in its creation of the Infringing Mark.

83.    Defendant's intentional and wrongful acts make this an exceptional case under 15 U.S.C. § 1117(a), and Plaintiffs are entitled to an award of attorneys' fees and costs.

**THIRD CAUSE OF ACTION**
Dilution—15 U.S.C. § 1125(c)

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutmanamin.com

84.    Plaintiffs incorporate by references paragraphs 1 through 80 of this Complaint.

85.    Plaintiffs Mark, through its extensive advertising and marketing efforts, has acquired widespread recognition across the legal community and with consumers throughout the country.

86.    Defendant, through its use of the Infringing Mark, have directly harmed the distinctiveness Plaintiffs have worked diligently to acquire in the Mark. Accordingly, consumers are less likely to recognize Plaintiffs as the source of their registered and inherently distinctive Mark.

87.    Defendant, through its usage of the Mark in connection with apparently high risk and high cost loans to consumers, has harmed the reputation and strength of Plaintiffs' Mark.

88.    As a result of Defendant's dilution of Plaintiffs' Mark, Plaintiffs are entitled to injunctive relief and an order enjoining Defendant from continuing to infringe upon Plaintiffs' Mark.

89.    Defendant does not own or have any valid claim to a trademark registration in connection with the Infringing Mark.

90.    Defendant's actions are willful, malicious, fraudulent, deliberate, and intended to confuse the public.

### **FOURTH CAUSE OF ACTION**
#### Common Law Trademark Infringement

91.    Plaintiffs incorporate by reference paragraphs 1 through 87 of this Complaint.

92.    Defendant's acts constitute common law trademark infringement and unfair competition under state law.

93.    Plaintiffs have been damaged and will continue to be damaged by Defendant's infringing activities.

94.    Plaintiffs are entitled to an injunction prohibiting Defendant from continuing the infringing practices described herein.

95.    Plaintiffs are also entitled to profits and damages arising from Defendant's wrongful use of marks confusingly similar to the Mark.

96.    Plaintiffs are informed and believe that Defendant's conduct was willful, wanton, malicious, and in conscious disregard of Plaintiffs' rights, thereby justifying an award of punitive and/or exemplary damages in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION
### Unfair Business Practices—California Bus. And Prof. Code § 17200

97.    Plaintiffs incorporate by reference paragraphs 1 through 93 of this Complaint.

98.    Defendant's acts described herein constitute unlawful, unfair and/or fraudulent business practices and misleading advertising pursuant to California Business and Professions Code § 17200.

99.    Among other things, Defendant is infringing Plaintiffs' rights in the Mark.

100.    Plaintiffs have been damaged and will continue to be damaged by Defendant's unlawful, unfair and/or fraudulent business practices and misleading advertising as alleged herein.

101.    Plaintiffs are entitled to an injunction prohibiting Defendant from continuing the practices alleged herein, and Plaintiffs are entitled to restitution of all amounts acquired by Defendant by means of such wrongful acts.

## PRAYER FOR RELIEF

Plaintiffs pray for relief and judgment, as follows:

A.    For the First Cause of Action: for damages according to proof at trial, including but not limited to Plaintiffs' actual damages; for an order pursuant to 15 U.S.C. § 1116 temporarily, preliminarily, and permanently enjoining Defendant,

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

and each of their principals, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, assignees, and all others acting in privity, concert, or participation with them, from further infringing the Mark; for an order of destruction of infringing materials pursuant to 15 U.S.C. § 1118; for costs and attorneys' fees pursuant to 15 U.S.C. § 1117(a); and for such other and further legal and equitable relief as the Court deems just and proper.

B.    For the Second Cause of Action: for damages according to proof at trial, including but not limited to (1) Plaintiffs' actual damages, and (2) the Defendant's profits; for an order pursuant to 15 U.S.C. § 1116 temporarily, preliminarily, and permanently enjoining Defendant, and each of its principals, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, assignees, and all others acting in privity, concert, or participation with them, from further infringing the Mark; for costs and attorneys' fees pursuant to 15 U.S.C. § 1117(a); and for such other and further legal and equitable relief as the Court deems just and proper.

C.    For the Third Cause of Action: for damages according to proof at trial, including but not limited to Plaintiffs' actual damages and Defendant's profits from the Infringing Mark, for an order pursuant to 15 U.S.C. 1125(c)(1) temporarily, preliminarily, and permanently enjoining Defendant, and each of its principals, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, assignees, and all others acting in privity, concert, or participation with them, from further infringing the Mark; for costs and attorneys' fees; and for such other and further legal and equitable relief as the Court deems just and proper.

D.    For the Fourth Cause of Action: for damages according to proof at trial; disgorgement of Defendant's profits; punitive damages; prejudgment interest; costs of suit; attorneys' fees; for an order pursuant to 15 U.S.C. § 1116 temporarily, preliminarily, and permanently enjoining Defendant, and each of its principals,

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550, Irvine CA 92618
troutman@troutmanamin.com

officers, directors, partners, agents, representatives, shareholders, affiliates, successors, assignees, and all others acting in privity, concert, or participation with them, from further infringing the Mark; and for such other and further legal and equitable relief as the Court deems just and proper; and

E.      For the Fifth Cause of Action: an accounting of all profits derived by Defendant as a result of its unlawful conduct; disgorgement of all such wrongfully obtained profits; costs of suit; attorneys' fees; for an order pursuant to 15 U.S.C. § 1116 temporarily, preliminarily, and permanently enjoining Defendant, and each of its principals, officers, directors, partners, agents, representatives, shareholders, employees, affiliates, successors, assignees, and all others acting in privity, concert, or participation with them, from further infringing the Mark; and for such other and further legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Dated: May 30, 2025                TROUTMAN AMIN, LLP

By: */s/Maxwell Levins*
Puja J. Amin
Brittany A. Andres
Maxwell Levins

*Attorneys for Plaintiffs Eric J. Troutman and Troutman Amin, LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2025, a copy of the foregoing was served by ECF to counsel of record.

1     */s/ Maxwell Levins*
      Maxwell Levins
2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28